**Rosemary SCHROEDER, Plaintiff,**

v.

**WOODHAVEN SCHOOL DISTRICT, et al., Defendants.**

**Civ. A. No. 85–CV–60575–AA.**

United States District Court,
E.D. Michigan, S.D.

Nov. 14, 1986.

Donald J. Gasiorek, Southfield, Mich., for plaintiff.

William G. Albertson, Birmingham, Mich., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

La PLATA, District Judge.

On November 18, 1985, Plaintiff, Rosemary Schroeder, a teacher within the Woodhaven School District, instituted a seven count action against Defendants, in which she sought damages for an allegedly wrongful suspension. The lawsuit essentially revolves around actions taken by the School Board, the School District, and several school board members on October 7, 1985, at a Board of Education meeting.

The dispute began when Anita Milatz, a parent of a student in Plaintiff's high school child development course, filed a complaint with the Board of Education re-garding Plaintiff's teaching methods. Based on the representations of her daughter, Wendy, a student in Plaintiff's class, Mrs. Milatz took umbrage with the following acts of Plaintiff:

1. Her use of profanity in the form of a four letter word during a session with the students;

2. An assignment given to each female student to examine her genital area; and

3. Her statement to the students that "women wear lipstick to remind men of [their] outer lips."

Enraged that the description of the child development class did not contain a reference to human sexuality, Mrs. Milatz instructed her daughter not to return to the class. On September 17, 1985, the parent met with Plaintiff and a female administrator, whereat Plaintiff essentially admitted the representations made by Wendy. As a result of a complaint made by Mrs. Milatz, the Woodhaven Board of Education scheduled a special meeting for October 7, 1986.

At the Board Meeting, where Mrs. Milatz was present, five of the Board Members voted to enter into a closed session to discuss the complaint. A resolution was drafted in the closed session to suspend Plaintiff. Returning to an open session, the Board of Education voted to suspend Plaintiff.[1]

Currently before the Court is a Motion for Summary Judgment of Plaintiff for a partial summary judgment. She contends that the decision of the five school board members to discuss the complaint and to agree upon a disciplinary measure in a closed session violated the Michigan Open Meetings Act, M.C.L.A. § 15.261 *et seq.* Plaintiff seeks damages in the sum of

---

1. The Board, in a five to one vote with one member abstaining, reached the following resolution:

THEREFORE, BE IT RESOLVED, that the Woodhaven School District Board of Education takes the following preliminary action, without prejudice, as to the accuracy of the charges directed against the teacher in question:

Mrs. Rosemary Schroeder is hereby suspended from discharging her duties as a teacher in the Woodhaven School District with the full pay, benefits and emoluments she would receive were she in fact discharging her duties as a teacher in the Woodhaven School District until such time as an inquiry shall be completed under the direction of the Superintendent and a recommendation be presented to and approved by the Woodhaven School District Board of Education calling for Mrs. Schroeder's resumption of her duties.

$500.00 against each board member, the maximum award available under the statute, along with costs and attorney fees in the amount of $4,136.00.

The five school board members, Timothy Bringard, Joseph Katz, Karen Ogden, Gilbert Paczewitz, and Phillip Rye, admit that they met in a closed session where they decided to suspend Plaintiff with pay pending an investigation of the matter. While conceding that their meeting in a closed session was violative of the Open Meetings Act, the members argue that Plaintiff is not entitled to damages, since their violation was not an "intentional" one.

As the parties agree, the Board of Education of the Woodhaven School District is a "public body" within the framework of the Open Meetings Act.[2] According to the following pertinent provisions of M.C.L.A. § 15.263, the School Board members were required to meet and deliberate in an open meeting:

> Sec. 3(1) All meetings of a public body shall be open to the public and shall be held in a place available to the general public. All persons shall be permitted to attend any meeting except as otherwise provided in this act.
> (2) All decisions of a public body shall be made at a meeting open to the public.
> (3) All deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public except as provided in this section and sections 7 and 8.

A public body is absolved from meeting in an open session under limited circumstances.[3] One of these is where it considers disciplining, or hearing complaints instituted against, an employee, where the employee requested a closed hearing.[4] In the matter at bar, Plaintiff did not request that the Board of Education afford her a closed hearing.

The statute authorizing an award of damages and costs against an offending public official, M.C.L.A. § 15.273, provides:

> Sec. 13(1) A public official who intentionally violates this act shall be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action.

It is beyond peradventure that the school Board members violated the Open Meetings Act by conducting part of their October 7, 1985, meeting in a closed session. In response to Plaintiff's motion for summary judgment, they referred to excerpts of deposition testimony of Board members Katz, Ogden, and Bringard, each of whom stated that (1) he or she was unaware that at the time of the meeting the Open Meetings Act prohibited a recess to a closed session and (2) the purpose of the closed session was to protect Plaintiff, against whom serious charges had been presented by Mrs. Milatz at the special board meeting. Defendants assert that none of them are lettered in the law and that they were not advised by legal counsel, prior to October 7, 1985, of the impropriety of meeting in a closed session. This assertion is offset, of course, by the refusal of one of the Board members, Robert Walikck, to recess to a closed session on account of the mandates of the Open Meetings Act.[5]

It is noteworthy that the Legislature elected not to apply either a strict liability or a negligence standard to an action for damages for a violation of the Act. It is apparent that the five school board members were at least negligent with respect to their violation, for as elected or appointed officials it is presumed, and certainly expected, that they would be aware of the Open Meetings Act, which was enacted in 1976.[6] Since, as previously indicated, Sec-

---

**2.** M.C.L.A. § 15.262(a). See Opinion of the Attorney General, 1977, No. 5218. p. 224.

**3.** M.C.L.A. § 15.268.

**4.** M.C.L.A. § 15.268(a).

**5.** Without elaboration, Board Member Marilyn Brown voted against recessing into a closed session.

**6.** 1976 P.A. § 267, § 1, effective March 31, 1977.

tion 13 of the Act requires the violation to have been intentional in order for a public official to be liable in a civil action, this Court cannot determine, as a matter of law, whether the transgression of the five board members was intentional.[7] The intent of the five officials is controlling as to whether Plaintiff may recover damages for the violation, thereby rendering this case an inappropriate one for granting a summary judgment to either Plaintiff or Defendants. Consequently, Plaintiff's Motion for a Partial Summary Judgment is DENIED.

---

7. See, generally, 10A Wright, Miller, and Kane,  Federal Practice & Procedure, § 2730 (1983).